UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATIONAL WESTERN LIFE
INSURANCE COMPANY,

    Plaintiff,

v.

THE ESTATE OF JACK C.
WILEY, JACINTA N. WILEY,
MADONA WILEY AND
QUANNH M. KING,

    Defendants,

Case No.

HON.

---

BODMAN PLC
Michelle Thurber Czapski (P47267)
Fawzeih H. Daher (P82995)
201 W. Big Beaver Road, Suite 500
Troy, MI 48084
(248) 743-6000
mczapski@bodmanlaw.com
fdaher@bodmanlaw.com

---

## COMPLAINT FOR INTERPLEADER

Plaintiff, National Western Life Insurance Company ("National Western") states for its Complaint against Defendants, The Estate of Jack C. Wiley, Jacinta N. Wiley, Madona Wiley and Quannh M. King (together "Defendants") as follows:

## PARTIES, JURISDICTION AND VENUE

1. National Western Life Insurance Company ("National Western") is a Colorado corporation that maintains its principal place of business in Texas.

2. The Estate of Jack C. Wiley (the "Estate") was established and is pending in the Probate Court for the County of Wayne, Michigan. Upon information and belief, the Personal Representative of the Estate is Daryl Wiley, an individual who resides in the City of Detroit, Wayne County, Michigan.

3. Upon information and belief, Jacinta N. Wiley is a citizen of Florida who resides in Jacksonville, Florida.

4. Upon information and belief, Madona Wiley is a Michigan citizen who resides in Detroit, Michigan.

5. Upon information and belief, Quanhh M. King is a Michigan citizen who resides in Redford Township, Michigan.

6. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1332. There is complete diversity between the parties because the dispute is between Plaintiff, a citizen of Colorado and Texas and Defendants, who are citizens of Michigan and Florida. The amount in controversy exceeds $75,000.00, exclusive of interest, costs and attorneys' fees.

7. This Court also has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1335 because there is minimal diversity among the adverse claimants and the amount in controversy exceeds $500.00.

8. Venue is proper in this Court under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1397 because some of the Defendants are residents of this judicial district and because this is the judicial district in which a substantial part of the events giving rise to the dispute among the Defendants occurred.

## **GENERAL ALLEGATIONS**

9. Jack C. Wiley ("Decedent") was the owner of two Flexible Premium Deferred Annuities issued by National Western, identified as Policy Numbers 0101367526 (Policy '526) and 0101370079 (Policy '079) (together, the "Policies").

10. The Decedent applied for Policy '526 with an Application signed on December 6, 2016. In his Application for Policy '526, the Decedent named Jacinta N. Wiley, who is identified as his "daughter," as the sole Primary Beneficiary. Exhibit A, Application for Policy '526.

11. Policy '526 was issued with a policy date of January 4, 2017 and an initial premium of $140,000.00. Exhibit B, Policy '526.

12. The Decedent applied for Policy '079 with an Application signed on March 6, 2017. In his Application for Policy '079, the Decedent named Jacinta N.

3

Wiley, who is identified as his "daughter," as the sole Primary Beneficiary. Exhibit C, Application for Policy '079.

13.  Policy '079 was issued with a policy date of May 2, 2017 and an initial premium of $98,992.01. Exhibit D, Policy '079.

14.  On or about January 3, 2024, National Western received a Change of Beneficiary form via facsimile from MDJ Financial Services, Inc. The Change of Beneficiary form designates Defendant Quannh Marie King, who is identified as Decedent's "fiancé," as beneficiary of 100% of the proceeds of both Policies. Exhibit E, Change of Beneficiary form.

15.  On or about January 8, 2024, National Western received another facsimile from MDJ Financial Services, Inc., this time, containing a document entitled "Durable Power of Attorney of Jack Cornelious Wiley" dated April 21, 2023, a document entitled " Acknowledgement of Duties Under a Durable Power of Attorney" dated April 21, 2023, and a copy of Defendant Quannh Marie King's driver license. Exhibit F.

16.  Upon review of the January 3, 2024 Change of Beneficiary form, National Western determined that the signature of the Decedent did not match its records. Due to the inconsistency of the signature as well as the close proximity between the date of the Change of Beneficiary form and the Decedent's death, National Western did not endorse the Change of Beneficiary.

4

17. The Decedent passed away on January 8, 2024. Exhibit G, Death Certificate.

18. Upon learning of the Decedent's death, National Western sent correspondence dated January 25, 2024 to Defendant Jacinta M. Wiley, as primary beneficiary, with instructions for submitting her claim. As of January 25, 2024, the contract value of the Policies was $116,099.44 (the "Policy Proceeds"). Exhibit H.

19. On or about February 1, 2024, National Western was contacted by counsel for Defendant Quannh M. King, informing it that her client was contesting the payment of the Policy Proceeds to anyone other than herself, and requesting that National Western place a hold on the Policy Proceeds pending an investigation of the matter. Exhibit I.

20. On or about February 5, 2024, National Western received an Annuity Claimant Statement from Defendant Jacinta M. Wiley. Exhibit J, Claimant Statement.

21. On or about March 19, 2024, National Western received email correspondence from Daryl Wiley, who it understands to be the Decedent's son and the Personal Representative of the Defendant Estate. In the March 19, 2024 email, Daryl Wiley indicates his belief that his mother, Defendant Madona Wiley, was awarded ownership of Policy '079 pursuant to an October 29, 2019 Consent Judgment of Divorce. The Consent Judgment of Divorce provided by Daryl Wiley

5

references a "Northwestern Mutual IRA ending in 0079," and orders that account to be transferred to Defendant Madona Wiley. Exhibit K.

22. If the Consent Judgment of Divorce was intended to refer to Policy '079 issued by National Western, there is no record of any effort to retitle the account to Madona Wiley's ownership (as the Consent Judgment appears to require) or any other notation that such a change was contemplated.

23. On or about March 19, 2024, National Western was contacted by counsel for the Estate, seeking payment of the Policy Proceeds to Defendant Jacinta Wiley and providing the Letters of Authority for Daryl Wiley as Personal Representative of the Estate. Exhibit L.

24. It is unclear to National Western to whom the Policy Proceeds are payable.

25. If the Court were to determine that the Consent Judgment of Divorce effectively transferred ownership of the '079 Policy, no further changes to the beneficiary could have been made by the Decedent, so the proceeds of the '079 Policy would be payable to Jacinta M. Wiley.

26. If the Court were to determine that the Consent Judgment of Divorce did not effectively transfer ownership of the '079 Policy, the Decedent may have potentially changed the beneficiary of both Policies on January 3, 2024.

6

27. If the Court were to determine that the January 3, 2024 Change of Beneficiary form is valid, the Proceeds of Policy '526 are payable to Quannh M. King, and if the Court also determines that the Consent Judgment of Divorce did not effectively transfer ownership of the '079 Policy to Madona Wiley, the Proceeds of the '079 Policy would also be payable to Quannh M. King.

28. If the Court were to determine that the January 3, 2024 Change of Beneficiary form is invalid, the Policy Proceeds are payable to Jacinta M. Wiley.

## CAUSE OF ACTION IN INTERPLEADER

29. National Western incorporates by this reference each preceding paragraph as if fully set forth herein.

30. In light of the foregoing, National Western cannot determine to whom the Policy Proceeds are owed and payable.

31. As a mere stakeholder, National Western has no interest in the Policy Proceeds (except to recover its attorney's fees and costs of this action). National Western therefore respectfully requests that this Court determine to whom the Policy Proceeds at issue should be paid.

32. National Western is ready, willing and able to pay the Policy Proceeds, in accordance with the terms of the Policies, in such amounts and to the Court's Registry or to whichever Defendant(s) the Court shall designate.

33. National Western has not brought and does not bring this Complaint for

7

Interpleader at the request of any of the Defendants; there is no fraud or collusion between National Western and any of the Defendants; National Western has not been indemnified by any of the Defendants with respect to the matters involved in this case; and National Western brings this Complaint for Interpleader of its free will so as to avoid being vexed and harassed by conflicting and multiple claims.

34. National Western will deposit into the Registry of the Court the Policy Proceeds, plus any applicable interest due and owing under the terms of the Policies, less any award of its costs and attorney fees, for disbursement in accordance with the Judgment of this Court.

**PRAYER FOR RELIEF**

THEREFORE, National Western respectfully requests entry of an order or orders:

(i) Restraining and enjoining the Defendants, and any other persons as may appear to have an interest in the Policies or Policy Proceeds, and who may subsequently appear as parties in this case, from instituting any action or proceeding in any state or United States court against National Western for the recovery of the Policy Proceeds by reason of the death of the Decedent;

(ii) Requiring that the Defendants litigate or settle and agree between themselves their claims for the Policy Proceeds, or upon their failure to do so, that this Court determine to whom the Policy Proceeds, plus any applicable interest,

should be paid;

(iii) Permitting National Western to pay into the Registry of the Court the Policy Proceeds, plus any applicable interest, less any award of its costs and attorneys' fees incurred in bringing this action;

(iv) Determining to whom the Policy Proceeds are due and owing;

(v) Dismissing National Western with prejudice from this action and discharging National Western from any further liability to Defendants, to any other such persons who may appear to have an interest in the Policy Proceeds and who may subsequently appear as parties in this case, and to all other persons whatsoever from any and all claims to the Policy Proceeds at issue, upon payment of the Policy Proceeds, plus any applicable interest, and less any award of attorneys' fees and costs, into the Registry of this Court, or as otherwise directed by this Court;

(vi) Awarding National Western its costs and attorney fees; and

(vii) Awarding National Western such other and further relief as this Court deems proper.

          Respectfully submitted,

          BODMAN PLC


          By: *Michelle Thurber Czapski*
          Michelle Thurber Czapski (P47267)
          201 W. Big Beaver Road, Suite 500
          Troy, MI 48084
          (248) 743-6000
          mczapski@bodmanlaw.com
          Attorneys for Plaintiff

Dated:  June 14, 2024

4887-2031-4564_1